INTERSTATE COMMERCE COMMIS-
SION, Appellant,

v.

PIEDMONT SALES COMPANY et al.,
Appellees.

No. 20733.

United States Court of Appeals
Fifth Circuit.

March 31, 1964.

Bernard A. Gould, Atty., I.C.C., Washington, D. C., Nicholas P. Mauro, Regional Atty., I.C.C., Raymond A. Cunningham, Atty., I.C.C., Atlanta, Ga., for appellant.

Joe K. Telford, John N. Crudup, Gainesville, Ga., for appellees.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Northern District of Georgia denying an injunction against appellees. The complaint filed by the Interstate Commerce Commission was based on the premise that Piedmont, a "for hire carrier" of agricultural or exempt commodities used its trucks on return trips from various parts of the United States to haul non-exempt commodities. The device used was a trip-lease arrangement whereby a formal lease agreement was entered into, under which the other defendants, as shippers, became "lessees" of the trucks for the purpose of the carriage from the distant point back to the Georgia destination.

The District Court recognized that the question at issue was to be controlled by the decision of the Supreme Court in United States v. Drum, 368 U.S. 370, 82 S.Ct. 408, 7 L.Ed.2d 360.

As stated by the Interstate Commerce Commission, the Drum case prescribed two tests which are to be considered in such a situation:

"The first and basic test concerns control, direction, and domination of the transportation. The second test is one which supplements the basic test of control, direction and domination, and it concerns the 'substance' of the operation."

Here, the trial court made specific findings of fact which resolved the basic factual issues touching on control, direction and domination of the transportation by the "lessee" and as to the substance of the operation, all favorable to the appellees. These being essentially issues of fact, we can not say that the trial court's determination of them was clearly erroneous.

The judgment must, therefore, be affirmed.